Howell, J.
This suit is brought on the following instrument: “Received, East Eeliciana, La., November 15,1862, of Jules Bonnecage, agent of P. Machct, of Baton Rouge, the sum of five thousand dollars, in current funds, in full of fifty bales cotton, weighing twenty-five thousand pounds, being an average of four hundred pounds per bale, and twenty-five cents per pound. The cotton to remain on premises protected from the weather until delivered. (Signed) Seymour Taylor. ”
Plaintiff prays for the delivery of the cotton, or the payment of said sum of $5,000.
The defense is that no part of said sum was paid, but that defendant sold to Bonnecage, agent, one-fourth of his cotton to be paid for when the same could be moved to market—the object being to place the whole of the cotton in the name of a foreigner, and under the protection of a foreign government during the war, as is shown by a counter-letter of same date, with the receipt; that no part of the price of said fourth has been paid, and that the plaintiff is not the real owner of the receipt sued on, which is not negotiable, but is held by plaintiff to defeat the equities between the contracting parties.
The case was tried before a jury, and a verdict and judgment being rendered against plaintiff) he has appealed.
Our attention is directed to several bills of exceptions to the admission of the counter-letter, and other evidence, to establish the defense set np as against the plaintiff, an innocent third holder, and to the refusal of the judge a juo to charge the jury, that the plaintiff, being a third party, is not bound by the equities between the original parties, and that when *101 defendant was notified that plaintiff was the holder of the receipt sued on, it was his duty to give notice of any existing equities.
The judge charged that “notice of the transfer of an instrument not negotiable, cannot defeat any equity or offset in the hands of the debtor at the time of receiving the notice.”
We think the judge did not err. The instrument sued on is not negotiable, and the doctrine invoked by plaintiff cannot apply in this case. The plaintiff possesses no greater rights than the party to whom the receipt was given.
The evidence shows the transaction to be .one which should not be enforced. 10 R. 521. 5 A. 235, 406, 410. Gray v. Thomas, Griswold & Co. 18 A. 412.
Judgment affirmed.